IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH R. CYR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-0422-D |
| ) | |
| OKLAHOMA COUNTY SHERIFF ) | |
| OFFICE; BOARD OF COUNTY ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I.     Plaintiff's complaint.**

Joseph Cyr (Plaintiff), a state prisoner appearing pro se, brings this action against Defendants "Oklahoma County Sheriff Office" and "Board of County Commissioners," Doc. 1, at 1,[1] "seeking relief and compensation from Oklahoma County Sheriff Office for damages and permanant personal injury incurred while held in custody at the Oklahoma County Jail." *Id.* at 2.  He contends a "[t]ort claim action was filed with the Oklahoma County Board of County Commissioners . . . dated July 25, 2016 as per Title 51 O.S. 151-170," and "[a]fter 90 days no action from the County Clerk has been taken." *Id.*  He

---

[1]     This report cites court filings by their electronic case filing designation and pagination; unless indicated, quotations are verbatim.

"now seek[s] relief from this court for the amount requested in the previous mentioned tort claim of $150,000 . . . . *Id.*

Plaintiff specifically incorporates "[a] copy of the aforementioned tort claim . . . for evidenciary and reference uses" with his complaint. *Id.* at 2. In that claim, *id.* at 3-8, Plaintiff notified the "Board of County Commissioners" that three detainees assaulted him in a day room at the Oklahoma County Jail during a recreation period on February 22, 2016. *Id.* at 3.[2] He "noted that is [wa]s common practice" for doors to be rigged, "allowing inmates to open their own doors into the . . . day room." *Id.* He alleged he was "assaulted and knocked unconscience" but subsequently "awoke and went to [his] cell and still dazed found [his] jaw to be severely broken as blood poured from [his] mouth." *Id.* at 4.

Plaintiff stated he informed a monitor that he "needed medical attention" and five minutes later "was escorted up to the clinic on floor 13" where he "was seen by Dr. Childs and told [his] jaw was broken and needed to go to the emergency room." *Id.* He advised that two deputies took him "to the emergency room at Baptist Medical Center on NW Expressway" where he "was given a CT scan to determine the extent of [his] injuries." *Id.* He alleged that

---

[2] Plaintiff advised that charges were filed against the three detainees. Doc. 1, at 6-7.

2

"Dr. Martin of OMA . . . temporarily wired [his] mandible together and informed [him he] required surgery . . . ." *Id.* at 5. He stated he "was released from the ER and brought back to the Oklahoma County Jail." *Id.*

Plaintiff maintained he was taken on February 29, 2016 "to the OMA clinic . . . for pre-surgery consult with Dr. Martin" and, two days later, "had surgery performed on [his] broken jaw at Baptist Medical Center by Dr. Martin and staff." *Id.* He described "a follow up on March 25, 2016 with panoramic X-rays taken" and stated his "jaw was unwired on April 5, 2016." *Id.* He claimed his next follow-up was not "until May 23, 2016 when [he] was seen by the dentist at the Oklahoma County Jail" and "was told [he] would receive a follow-up at OMA." *Id.* at 6. He maintained he "was seen at OMA by Dr. Martin in the early part of June 2016" when "[p]anoramic X-rays and full cranium scans were taken to examine the fractures and the condition of the plates." *Id.*

In concluding his "Tort Claim Action," Plaintiff set out the "[c]ompensation [s]ought for [l]oss": "I am seeking compensation for bodily damage and permanent injury to my jaw and monetary compensation so that I may seek orthodontic care to repair of my damaged and mal-aligned teeth." *Id.* at 3, 7. He stated that "[t]he Oklahoma County Jail has acknowledged their liability in this matter by paying all medical costs to date, but will not provide for permanent loss and orthodont care that I will need." *Id.*

3

## II. Federal court jurisdiction.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (internal quotation marks omitted). Necessarily then, "there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As demonstrated through the explication of his complaint, Plaintiff—expressly and exclusively—seeks to maintain an action in this Court for relief under Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq.* He underscores this intention in his application for leave to proceed in forma pauperis, describing the nature of his action as "[s]eeking relief and compensation for damages and permanant personal injury as sought in an unanswered tort claim in accordance with Title 51: O.S. 151-170[.]" Doc. 2, at 1. Similarly, when called on by his Civil Cover Sheet to "[c]ite the U.S. Civil Statute under which you are filing," Plaintiff wrote, "Title 51: O.S. 151-170" and described his cause as a "Government Tort Claim Act." Doc. 1, at Att. 2. For the "Basis of Jurisdiction," he did not select either "Federal Question" or

"Diversity." *Id.* And, as the "Nature of Suit," he chose "Torts," "Other Personal Injury." *Id.*

Even broadly construed in deference to Plaintiff's pro se status, his pleadings fail to establish a basis for this Court's jurisdiction.

## III. Recommendation and notice of right to object.

For the above-stated reasons, the undersigned recommends the dismissal without prejudice of Plaintiff's action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Adoption of this recommendation would moot Plaintiff's pending application for in forma pauperis status. Doc. 2.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 8, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of April, 2017.

                                              SUZANNE MITCHELL
                                              UNITED STATES MAGISTRATE JUDGE