IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH R. CYR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-422-D |
| OKLAHOMA COUNTY SHERIFF OFFICE; BOARD OF COUNTY COMMISSIONERS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing pro se, brings the present action against the Oklahoma County Sheriff's Office and the Board of County Commissioners, seeking damages for injuries he suffered after being attacked in the Oklahoma County Jail.[1] The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. On April 18, 2017, Judge Mitchell issued a Report and Recommendation ("R&R" or "Report") in which she recommended that the Court dismiss Plaintiff's action for lack of subject matter jurisdiction. *See* R&R at 4-5.

---

[1] Because Plaintiff is proceeding pro se, the Court construes his filings liberally, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff does not object to the R&R. Instead, he seeks leave to amend his Complaint to address the issues raised in the Report [Doc. No. 7]. As Plaintiff has no substantive objection to the R&R, the Court finds that the recommended disposition of his action should be accepted. *See* Fed. R. Civ. P. 72(b)(3)("the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Accordingly, the Report and Recommendation [Doc. No. 5] is **ACCEPTED** and **ADOPTED** as though fully set forth herein. Plaintiff's Motion to Amend is re-referred to Judge Mitchell for further proceedings consistent with the original order of referral [Doc. No. 4].[2]

**IT IS SO ORDERED** this 12th day of May 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] "[N]othing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction, provided that the amendment is not unduly delayed, advanced in bad faith, or prejudicial to the opposing party[.]" *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1992); *see also Agostino Ferrari, S.p.A. v. Antonacci*, 858 F.Supp. 478, 480 (E.D. Pa. 1994) ("[A] party may amend its pleading to state a different jurisdictional basis, and a trial court has jurisdiction to rule on the request for leave to amend.") (citing *Berkshire*).