# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH R. CYR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-422-D |
| OKLAHOMA COUNTY SHERIFF OFFICE; BOARD OF COUNTY COMMISSIONERS, | ) |
| Defendants. | ) |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings the present action seeking damages for injuries he suffered after being attacked in the Oklahoma County Jail. The matter was originally referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure, wherein on April 18, 2017, Judge Mitchell issued a Report and Recommendation ("R&R" or "Report") in which she recommended that the Court dismiss Plaintiff's action for lack of subject matter jurisdiction [Doc. No. 5]. The Court adopted the R&R due to Plaintiff's failure to raise any substantive objection [Doc. No. 9], and re-referred all pending matters to Judge Mitchell. Plaintiff subsequently filed an Amended Complaint [Doc. No. 14].

Upon screening the Amended Complaint, Judge Mitchell issued another R&R recommending that the complaint be dismissed for failure to state a claim upon

which relief may be granted. Plaintiff's Amended Complaint identified two defendants—the "Oklahoma County Sheriff Office" and the Oklahoma Board of County Commissioners. In her Report, Judge Mitchell noted that the Oklahoma County Sheriff's Office is not capable of being sued because it does not have a legal identity separate from that of Oklahoma County (R&R at 8-9), and Plaintiff failed to plead facts showing the existence of a municipal policy or custom that caused his injuries as to make the Board potentially liable as a defendant. *See id*. at 9-10. Pursuant to the R&R's prescribed deadline, Plaintiff timely filed his objection.

The Court is required to determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). Upon such review, the Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. The Court has conducted de novo review of these proceedings and finds no error in Judge Mitchell's findings. Because Plaintiff is pro se, the Court construes his filings liberally, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). To this end, the Tenth Circuit has recognized that an "Oklahoma Sheriff's Department" is not a proper entity for purposes of a § 1983 suit. *See Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (affirming dismissal of § 1983 claims against police departments and

2

county sheriff's department, noting defendants were "not legally suable entities"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (unpublished).

Furthermore, "[m]unicipalities can be liable under 42 U.S.C. § 1983 only for their own unlawful acts." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017). "Accordingly, to prove a § 1983 claim against a municipality, a plaintiff must show the existence of a municipal policy or custom which directly caused the alleged injury." *See id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).[1] Plaintiff's objection fails to show how the Oklahoma County Sheriff's Office is a "legally suable entity," nor does his objection cite to any portion of his Amended Complaint where he has sufficiently alleged the existence of a municipal policy or custom that caused his injuries.

Therefore, the Court finds the Report and Recommendation [Doc. No. 16] is well founded and should be **ADOPTED** as though fully set forth herein. Plaintiff's Motion for Leave to Amend Complaint [Doc. No. 7] and Motion to Stay Proceedings [Doc. No. 8] are deemed moot. A judgment shall be issued forthwith.

---

[1] "A policy or custom includes a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees." *Pyle, supra* (citing *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 (10th Cir. 2010)).

3

**IT IS SO ORDERED** this **22ⁿᵈ** day of January 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE